BROWN MANUF'G CO. *v.* DAVID BRADLEY MANUF'G CO.

*(Circuit Court, N. D. Illinois. June 18, 1892.)*

1. PATENTS FOR INVENTIONS—NOVELTY—CULTIVATOR COUPLINGS.
   The first claim of letters patent No. 190,816, issued May 15, 1877, for an improvement in couplings for cultivators, consisting of a pipe box provided with a projection adapted to co-operate with a spring, weight, or the draught, to rock the pipe box against, or with the weight of the rear cultivators or plows, is void for want of novelty, having been anticipated by letters patent issued June 11, 1872, to William Haslup. *Manufacturing Co. v. Deere*, 21 Fed. Rep. 709, reversed.

2. SAME—EXTENT OF CLAIM—COMBINATION.
   Said claim cannot be considered a combination claim for the combination of the pipe box with a spring or weight and a plow beam and axle, since a claim cannot be treated as a combination claim, in the absence of the word "combination," and of a statement of the specific elements of which it is composed.

In Equity. Bill by the Brown Manufacturing Company against the David Bradley Manufacturing Company for an injunction and accounting.

*George H. Christy* and *W. T. Underwood,* for complainant.
*West & Bond,* for defendant.

BLODGETT, District Judge. This is a bill for an injunction and accounting by reason of the alleged infringement of patent No. 190,816, granted to W. P. Brown, May 15, 1877, for an "improvement in couplings for cultivators." The patentee says in his specifications:

"My invention relates to an improved form of coupling for fastening the forward ends of the beams of plows or gangs to the axle of a wheeled cultivator. The improvement consists in the particular construction and arrangement of a tube or pipe box, turning loosely upon the horizontal ends of the crank axle, and connected, through an adjustable stirrup or sleeve and

bracket, with a head having a long bearing at right angles to the pipe box, to which head the forward ends of the plow beam are bolted, while the pipe box, is provided with means for turning it against the gravity of the attached cultivator in the rear, whereby the said cultivators are manipulated with greater ease, as hereinafter more fully described. * * * To render the manipulation of the plows or cultivators easy, I provide an arrangement whereby either springs, weights, or the draught power may be utilized for sustaining a part of the weight of the said cultivators when they are lifted from the ground to be hung up or shifted laterally. In accomplishing this, I construct the pipe box with a hooked arm, M, and arrange a stiff spring, N, of metal or rubber, upon the main frame above, so as to engage, by means of a loop, with the end of the arm, M, to rock the pipe box; and, as the cultivator beam in the rear is rigidly attached to the pipe box by the stirrup or the sleeve of the screw bolt, the spring has the tendency to rock the pipe box, and assist the driver in lifting the cultivators. I do not claim, broadly, the application of springs to sustain a part of the weight of the cultivator, as this is shown in my patent No. 128,701, of 1872; but I do claim a pipe box provided with an arm or projection adapted to rock the same."

The patent contains three claims, but infringement is only charged as to the first of these claims, which is:

"(1) The pipe box provided with a projection adapted to co-operate with a spring, weight, or the draught, to rock the said pipe box against or with the weight of the rear cultivators or plows, substantially as and for the purpose described."

The defenses relied upon are: (1) That this claim is void for want of novelty; (2) that the defendant does not infringe.

It is insisted on the part of the complainant that this is a combination claim, and must be considered as such, and that there must be read into the claim a spring or weight, a plow beam and axle, such as are described in the specifications. I cannot concur with the counsel for complainant in this view of the claim. In terms, it is a specific claim for a pipe box, with a projection adapted to co-operate with a spring. It does not suggest, or state, that it is a combination claim, but proceeds, as it seems to me, upon the assumption that the patentee was the original and first inventor of a pipe box, with a projection adapted to co-operate with a spring. A claim cannot be treated as a combination claim, in the absence of the word "combination," and of a statement of the specific elements of which it is composed. *Burden* v. *Corning*, 2 Fish. Pat. Cas. 495. "When a claim is explicit, the courts cannot alter or enlarge it. * * * The courts cannot be expected to wade through the history of the art, and spell out what might have been but has not been claimed. When the terms of a claim in a patent are clear and distinct, (as they always should be,) the patentee, in a suit brought upon a patent, is bound by it. He can claim nothing beyond it. * * * He cannot show that his invention is broader than the terms of the claim, or, if broader, he must be held to have surrendered the surplus to the public." *Keystone Bridge Co.* v. *Phœnix Iron Co.*, 95 U. S. 278. "Claims for devices cannot be changed to claims for combination by construction." *Couse* v. *Johnson*, 16 O. G. 719; *Ice Co.* v. *Packer*, 24 O. G. 1274.

The patentee says in his specification:

"The improvement consists in the particular construction and arrangement of a tube or pipe box. * * * I do not claim broadly the application of springs; * * * but I do claim a pipe box provided with an arm or projection adapted to rock the same."

This language clearly imports that the patentee intended to make a claim for the device, standing alone, of a pipe box with a projection; that is, such a projection as is adapted to co-operate with a spring to rock the pipe on the axle. And this view of the first claim is much strengthened and confirmed by the fact that the second claim is a combination claim of all the elements which complainant insists should be read into the first claim, when, if what is now insisted upon as the true construction of the first claim is correct, this second claim is wholly superfluous. Upon the issue of want of novelty, a large number of prior patents have been put into the case, such as the Luppen of 1870, the Coonrod of 1867, the Stover of 1870, and the Litchfield & Corbin of 1873; all of which show a pipe box or sleeves fitting loosely upon the axle, so as to allow the pipe to be rocked vertically upon the axle. But the patent which seems to me to most fully anticipate the device, covered by the first claim of complainant's patent, is the patent of William Haslup, of June 11, 1872. This patent shows a sleeve or pipe box working upon a crank axle for the purpose of attaching the plow thereto, and enabling it to be rocked upon the axle, and a projection rigidly attached to the pipe box, and extending upward to the driver's seat in the form of a lever, whereby the plow can be rocked upon the axle by the hand of the driver. This device seems to me, in every respect, to be an anticipation of this first claim. The arm, O, extending upward to the driver's seat, is manifestly a projection which is adapted to co-operate with a spring or weight to rock the pipe box against or with the weight of the cultivator. Here is a pipe box with a projection ready made to hand, adapted to co-operate with a spring exactly like the device described in this claim. It will be noticed that the spring is no part of the claim. The pipe box must have a projection adapted to co-operate with a spring, that is, a projection to which a spring can be attached which will aid in rocking the plow upon the axle, or, as the claim says, to rock the pipe box, when, of course, it would rock a plow if it was properly attached to the pipe. With this view of the construction to be put upon this claim, and the relation of the device therein described to the older art, I am of opinion that this claim is void for want of novelty.